MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@bourassalawgroup.com
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SCHMIDT, an individual, and ADRIA SCHMIDT, an individual, JAMES MCFARLANE, an individual, on behalf of themselves and those similarly situated; | Case No.: |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | **JURY DEMANDED** |
| RED ROCK FINANCIAL SERVICES, LLC, a Delaware limited liability company, | |
| Defendant. | |

## COMPLAINT

Plaintiffs, MICHAEL SCHMIDT, ADRIA SCHMIDT, and JAMES MCFARLANE (hereinafter referred to as "PLAINTIFFS") by and through their undersigned attorney, allege upon knowledge as to themselves and their own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1.      PLAINTIFFS bring this action on their own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from DEFENDANT'S violations of

the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.,* and Nevada Revised Statutes.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3.      Venue in this District is proper because PLAINTIFFS and DEFENDANT reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

4.      PLAINTIFFS are natural persons who reside in Nevada.

5.      PLAINTIFFS are "consumers" as defined in the FDCPA at 15 U.S.C. § 1692a(3)

6.      PLAINTIFFS allegedly owe a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

7.      RED ROCK FINANCIAL SERVICES, LLC (hereinafter referred to as "DEFENDANT") is a Delaware limited liability corporation, the principal purpose of whose business is the collection of debts.

8.      PLAINTIFFS are  informed and believe, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that the DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9.      PLAINTIFFS repeat, re-allege, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10.     On or about February 29, 2012 and May 11, 2012, DEFENDANT mailed or caused to be mailed form collection letters to PLAINTIFFS, and each of them, in an attempt to collect a consumer debt from PLAINTIFFS allegedly owed to another.  True and correct copies of the form letters are attached hereto as Exhibit "1".

11.     The form letters sent by DEFENDANT to PLAINTIFFS state, in pertinent part:

> If you choose not to pay your account in full within 30 days from the date of this letter, in accordance with Nevada Revised Statutes, Red Rock Financial Services will prepare and record a Lien for Delinquent Assessments on behalf of [the original creditor]. Additional fees estimated in the amount of $340.00 plus mailing fees will be added to the above account to cover the cost of preparing and/or recording the Lien for Delinquent Assessments. Please note these are estimated costs.

> **A "30 day period" has been established for disputing the validity of the debt.  Federal Law does not require Red Rock Financial Services to wait the "30 day period" to prepare and/or record the Lien for Delinquent Assessments.  The "30 day period", according to Federal Law, begins when this letter is received by you.**

> All disputes regarding the validity of the debt must be submitted in written form to Red Rock Financial Services.  When the dispute is received, Red Rock Financial Services will provide verification of the debt and a copy of such verification will be mailed to you. Collection efforts on the part of Red Rock Financial Services will cease during the research process.  When the research is completed, you will receive a written response.   In addition, Red Rock Financial Services will provide you with the original creditor(s) and address(es) if different from the current.  In the event that Red Rock financial services does not receive in written form, a dispute of the debt, Red Rock Financial Services will assume the debt is valid.

12.     In addition, these letters seek to collect unspecified "additional collection fees and costs."

13.     On June 26, 2012, DEFENDANT mailed or caused to be mailed a second form collection letter to Plaintiff Michael Schmidt in an attempt to collect a consumer debt from

PLAINTIFFS allegedly owed to another.  A true and correct copy of the second form letter is attached hereto as Exhibit "2".

14.     The second form letter states, in pertinent part:

> **As of the date of this letter, the "30 Day Period" is still in effect.  In the case that Red Rock Financial Services does not receive in written form a dispute of the debt, Red Rock Financial Services will assume the debt is valid.  All disputes of the validity of the debt must be submitted in written form to Red Rock Financial Services.  When the dispute is received, Red Rock Financial Services will provide verification of the debt and a copy of each such verification will be mailed to you. Upon receipt of a written dispute, collection efforts on the part of Red Rock Financial Services will cease.  A written response will be provided detailing the result of our findings regarding said dispute.**

> Allowed by Nevada Revised Statutes, Red Rock Financial Services may record a Notice of Default and Election to Sell no sooner then [sic] the 31st day from the mailing of the Lien for Delinquent Assessments.  As a courtesy to you, an Intent to Notice of Default courtesy letter will be sent to you via first class mail at an additional charge.

15.     This letter also seeks to collect unspecified "fines and collection fees and costs."

## CLASS ALLEGATIONS

16.     PLAINTIFFS repeat, re-allege, and incorporates by reference, paragraphs 1 through 15 inclusive, above.

17.     These claims for relief is brought by PLAINTIFFS individually and on behalf of the following classes :

   a.   Class Number One: A class consisting of consumers with Nevada addresses who:

      i.   Within one year prior to the filing of this action;

      ii.   Were sent a collection letter by DEFENDANT;

- 4 -

      iii.  In a form materially identical or substantially similar to the Form Letters sent to the PLAINTIFFS, attached hereto as Exhibit "1"; and

      iv.  The letter was not returned by the postal service as undelivered.

b.  Class Number Two: A class consisting of consumers with Nevada addresses who:

      v.  Within one year prior to the filing of this action;

      vi.  Were sent a collection letter by DEFENDANT;

      vii.  In a form materially identical or substantially similar to the Form Letters sent to the PLAINTIFFS, attached hereto as Exhibit "2"; and

      viii.  The letter was not returned by the postal service as undelivered.

18.    Under Federal Rule of Civil Procedure Rule 23, a class action is appropriate and preferable in this case because:

a.  The collection letters at the heart of this litigation are form letters and the class is so numerous that joinder of all members is impractical.

b.  There are questions of law and fact common to the class that predominate over any questions affecting individual class members. The principal question presented by this case is whether the form letters attached as Exhibits 1 and 2 violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

c.  The only issue related to the individuals of class is the identification of the individual consumers who received the Form Letters (i.e. the class members), a matter capable of ministerial determination from the DEFENDANT'S records.

d. PLAINTIFFS' claims are typical of those of the class members. All are based on the same facts and legal theories.

e. PLAINTIFFS will fairly and adequately represent the class members' interests and have retained counsel experienced in handling class actions and collection abuse claims.

19. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

20. If facts are discovered to be appropriate, PLAINTIFFS will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**<u>FIRST CLAIM FOR RELIEF</u>**

**BROUGHT BY PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF AND A CLASS OF SIMILARLY SITUATED PERSONS DEFINED HEREIN AS CLASS ONE AND CLASS TWO**
**FOR VIOLATIONS OF THE FDCPA 15 U.S.C.§ 1692g(a)**

21. PLAINTIFFS repeat, re-allege, and incorporate by reference, paragraphs 1 through 20 inclusive, above.

22. The FDCPA requires that, when first communicating with a consumer in connection with the collection of a debt or within five days afterwards, debt collectors shall send the consumer a written notice containing:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after

receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

23.     The form letters sent by DEFENDANT to PLAINTIFFS and the class members are deceptive and misleading because they require that all disputes be submitted in writing in violation of 15 U.S.C. section 1692g(a).  *See Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081-82 (9th Cir. 2005).

24.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFFS are entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

25.     It has been necessary for PLAINTIFFS to obtain the services of an attorney to pursue this claim and PLAINTIFFS are entitled to recover reasonable attorneys' fees therefor.

## **SECOND CLAIM FOR RELIEF**

**BROUGHT BY PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF AND A CLASS OF SIMILARLY SITUATED PERSONS DEFINED HEREIN AS CLASS ONE AND CLASS TWO FOR VIOLATIONS OF THE FDCPA 15 U.S.C.§ 1692g(b)**

26.     PLAINTIFFS repeat, re-allege, and incorporate by reference, paragraphs 1 through 25 inclusive, above.

27.     15 U.S.C. § 1692g(b) provides, in pertinent part: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the

disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

28.    The form letters are deceptive and misleading, and violate 15 U.S.C. § 1692g(b) in that PLAINTIFFS' and the class members' rights to dispute the debt are overshadowed in the letter by DEFENDANT'S contradictory threat to record a lien on PLAINTIFFS' and the class members' property and impose additional costs and fees if the debt is not paid in full within 30 days of the date of the letter. *See Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1989).

29.    As a result of the FDCPA violations by DEFENDANT, PLAINTIFFS are entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

30.    It has been necessary for PLAINTIFFS to obtain the services of an attorney to pursue this claim and PLAINTIFFS are entitled to recover reasonable attorneys' fees therefor.

### THIRD CLAIM FOR RELIEF

**BROUGHT BY PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF**
**AND A CLASS OF SIMILARLY SITUATED PERSONS DEFINED HEREIN AS**
**CLASS ONE AND CLASS TWO**
**FOR VIOLATIONS OF THE FDCPA 15 U.S.C.§ 1692f**

31.    PLAINTIFFS repeat, re-allege, and incorporate by reference, paragraphs 1 through 30 inclusive, above.

32.    Section 1692f of the FDCPA states in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

- 8 -

33.     In the form letters, DEFENDANT demanded that PLAINTIFFS and the class members pay additional unidentified "collection fees and costs," "fees and costs," and "fines and collection fees" to DEFENDANT.

34.     The foregoing demands by DEFENDANT violated the FDCPA by attempting to collect from PLAINTIFFS and the class members an amount incidental to the principal obligation that is not expressly authorized or permitted.

35.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFFS and the class members are entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

36.     It has been necessary for PLAINTIFFS to obtain the services of an attorney to pursue this claim and PLAINTIFFS are entitled to recover reasonable attorneys' fees therefor.

## **FOURTH CLAIM FOR RELIEF**

**BROUGHT BY PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF
AND A CLASS OF SIMILARLY SITUATED PERSONS DEFINED HEREIN AS
CLASS ONE AND CLASS TWO
FOR VIOLATIONS OF THE FDCPA 15 U.S.C.§ 1692E**

37.     PLAINTIFFS repeat, re-allege, and incorporate by reference, paragraphs 1 through 36 inclusive, above.

38.     Section 1692e of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

39.     In the form letters, DEFENDANT demanded that PLAINTIFFS and the class members pay additional unidentified "collection fees and costs," "fees and costs," and "fines and collection fees" to DEFENDANT.

40.     The foregoing demands by DEFENDANT violated the FDCPA by falsely representing the services rendered and/or compensation which may be lawfully received by DEFENDANT.

41.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFFS and the class members are entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

42.     It has been necessary for PLAINTIFFS to obtain the services of an attorney to pursue this claim and PLAINTIFFS are entitled to recover reasonable attorneys' fees therefor.

43.     Upon information and belief, PLAINTIFFS allege that DEFENDANT is responsible for additional violations of the FDCPA and reserves his right to amend this Complaint to reflect such allegations prior to the time of trial.

**DEMAND FOR JURY TRIAL**

30.     Please take notice that PLAINTIFFS demand trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFFS favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1)     For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     For statutory damages awarded to PLAINTIFFS, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)     For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000.000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4)     A declaration that the form letters, represented by Exhibits "1" and "2", violated the FDCPA, pursuant to 15 U.S.C. § 1592k(a)(3);

(5)     For disgorgement of all of Defendant's profits obtained through use of the form letters at issue;

(6)     For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(7)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(8)     For any and all other relief this Court may deem appropriate.

DATED this _9th day of October 2012.

                                    **THE BOURASSA LAW GROUP, LLC**


                                    /S/ MARK J. BOURASSA, ESQ.
                                    MARK J. BOURASSA, ESQ.
                                    Nevada Bar No. 7999
                                    8668 Spring Mountain Rd., Suite 101
                                    Las Vegas, Nevada 89117
                                    Tel: (702) 851-2180
                                    Fax: (702) 851-2189
                                    *Attorney for Plaintiffs*