# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL SCHMIDT, et al.,

        Plaintiff(s),

v.

RED ROCK FINANCIAL SERVICES, LLC,

        Defendant(s).

2:12-CV-1773 JCM (PAL)

### ORDER

Presently before the court is defendant Red Rock Financial Services' motion to dismiss. (Doc. # 12). Plaintiffs Michael Schmidt, Adria Schmidt and James MacFarlane filed a response in opposition (doc. # 13), and the defendant filed a reply (doc. # 14).

**I.     Background Facts**

This case arises out of plaintiffs' claim that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, in attempting to collect unpaid debts owed by plaintiffs to third parties.

Plaintiffs filed a putative class action complaint against the defendant with this court. (Doc. # 1). Plaintiffs contend that the collection letters did not comply with the FDCPA for two reasons. First, the collection letters required plaintiffs to dispute the debts in writing; second, the collection letters contained a clause which stated defendants would prepare and file a lien for delinquent assessments on behalf of the original creditor if the balance was not paid in full within thirty days.

**James C. Mahan**
**U.S. District Judge**

(Doc. #1, 3:1).

Plaintiffs seek all of the following in damages: (1) statutory damages in the amount of $1,000, plus costs and fees incurred in connection with the prosecution of plaintiffs' claims; (2) statutory damages awarded to the class members of the amount not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector; (3) disgorgement; (4) actual damages incurred by plaintiffs; and, (5) a declaration that the form letters violated the FDCPA pursuant to 15 U.S.C. § 1592k(a)(3). (Doc. # 1, 10:22).

Defendant served a Rule 68 offer of judgment that offered plaintiffs the following: (1) the total sum of $3,003; (2) reasonable costs and attorneys' fees incurred by plaintiffs in prosecuting plaintiffs' claims under the FDCPA; (3) any verifiable actual damages; and, (4) to stipulate to a declaration as sought by plaintiffs. (Doc. # 12-1, 4:19). Plaintiffs declined the offer, which has since lapsed.

After plaintiffs declined defendant's offer, defendant filed the instant motion to dismiss for lack of jurisdiction. (Doc. # 12).

**II.    Discussion**

In its motion, defendant argues the Rule 68 offer of judgment fully satisfied the plaintiffs' requested relief rendering the claims at issue moot.

*A.    Legal Standard*

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Article III of the Constitution limits the jurisdiction of the federal courts to "cases" or "controversies." *See* U.S. Const. art. III, § 2, cl. 1. The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist

**James C. Mahan
U.S. District Judge**

- 2 -

at all stages of federal court proceedings. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987). Whether "the dispute between the parties was very much alive when suit was filed . . . cannot substitute for the actual case or controversy that an exercise of this [c]ourt's jurisdiction requires." *Honig v. Doe*, 484 U.S. 305, 317 (1988).

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" of the litigation. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). In other words, if events subsequent to the filing of the case resolve the parties' dispute, the court must dismiss the case as moot, *see Stratman v. Leisnoi, Inc.*, 545 F.3d 1161, 1167 (9th Cir. 2008), because the court does "not have the constitutional authority to decide moot cases," *Foster v. Carson*, 347 F.3d 742, 747 (9th Cir. 2003) (citation and internal quotation marks omitted).

*B.     Analysis*

Defendant has attempted to "buy-off" the named plaintiffs by offering the statutory maximum that each plaintiff is entitled to receive. Defendant argues that plaintiffs have mooted the case or controversy requirement by declining the offer.

I.     Mootness Prior to Class Certification

Although the circuits have split on this issue, four circuits have followed a more flexible approach to the mootness doctrine in the context of "buy-offs" and class representatives of a putative class. Under this more flexible approach, the circuits have ruled that, absent undue delay, a plaintiff may move to certify a class and avoid mootness even after being offered complete relief.[1] The Ninth

---

[1] *Compare Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091–92 (9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249–50 (10th Cir. 2011) (holding that an offer of judgment in full amount of plaintiff's claim, made prior to class certification decision, does not render action moot); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920–21 (5th Cir. 2008) (holding that the relation back principle applies so that defendants cannot unilaterally "pick off" collective action representatives and thwart collective actions under Fair Labor Standards Act by paying employee's claim in full); *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004) (holding that absent undue delay in filing a motion for class certification, where a defendant makes a Rule 68 offer to an individual that may moot possible class relief asserted in the complaint, the appropriate course is to relate the certification back to the filing of the class complaint); *with Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011) (holding that action was mooted by defendant's offer of plaintiff's full request for relief that preceded any motion for class certification).

1   Circuit has addressed whether "a rejected offer of judgment for the full amount of a putative class
2   representative's individual claim moots a class action complaint where the offer precedes the filing
3   of a motion for a class certification." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1084 (9th Cir.
4   2011). "[I]t does not." *Id.*; *see also Ramirez v. Trans Union*, LLC, 3:12-cv-00632, 2013 WL
5   1089748 (N.D. Cal. March 15, 2013).

6   The *Pitts* court then identified three principles that guided its analysis that mooting the
7   putative class representative's claim will not moot the class action or the case or controversy. First,
8   "upon certification the class 'acquire[s] a legal status separate from the interest asserted by [the class
9   representative].'" *Pitts*, 653 F.3d at 1090 (quoting *Sosna v. Iowa*, 419 U.S. 393, 399 (1975)).
10  Second, "[t]he putative class representative retains an interest in obtaining a final decision on class
11  certification that allows him to litigate the denial of class certification on appeal." *Id.* (citing *U.S.
12  Parole Comm'n. v. Geraghty*, 445 U.S. 388, 404 (1980)). Third, "'[s]ome claims are so inherently
13  transitory that the trial court will not have even enough time to rule on a motion for class certification
14  before the proposed representative's individual interest expires.'" *Id.* (quoting *Cnty. of Riverside
15  v. McLaughlin*, 500 U.S. 44, 52 (1991)).

16  The *Pitts* court applied these principles to the facts before it and concluded that allowing a
17  Rule 68 offer to moot a class action by satisfying the class representative's individual claims would
18  allow a defendant to "pick off" lead plaintiffs and "effectively ensure that claims that are too
19  economically insignificant to be brought on their own would never have their day in court." *Id*. at
20  1091. The court held that "an unaccepted Rule 68 offer of judgment–for the full amount of the
21  named plaintiff's individual claim and made before the named plaintiff files a motion for class
22  certification–does not moot a class action." *Id*. at 1091-1092. Additionally, the *Pitts* decision has
23  been adopted by courts within the Ninth Circuit.[2]

---

25
26  [2] *See Gomez v. Campbell-Ewald Co.*, 805 F.Supp.2d 923, 930 (C.D. Cal. 2011) ("This Court rejects the notion that defendant can make an end-run around a class action simply by virtue of a facile procedural 'gotcha,' i.e., the conveyance of a Rule 68 offer of judgment to 'pick off' the named plaintiff prior to the filing of a class certification motion."); *see also Ramirez*, 2013 WL 1089748 (N.D. Cal. March 15, 2013) (holding that a Rule 68 offer does not defeat plaintiff's claims).
27
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1   Defendant asks that the court follow *Damasco v. Clearwire Corp.,* 662 F.3d 891 (7th Cir.
2   2011), which holds that an offer by a defendant of plaintiff's full request for relief that preceded any
3   motion for class certification moots the action. However, four circuits, including the Ninth Circuit,
4   have not followed the *Damasco* court's interpretation. Therefore, because the Ninth circuit's
5   decision in *Pitts* binds the court, this court does not find this case moot under the more flexible
6   nature of the mootness doctrine in relation to class certification. This case has been brought as a
7   putative class action, therefore the Rule 68 offer of judgment does not render the action moot.

        ii.       Timely Filing of Class Certification

As in *Pitts*, this court has not set a deadline for the filing of a motion for class certification. *See Pitts*, 653 F.3d at 1092-93. The local rules of the District of Nevada do not impose a particular deadline for filing a motion for class certification. Though defendant contends that there has been ample time for filing, the court did not set any deadline for the class certification motion and discovery has not concluded.[3]

Therefore, because no deadline has been imposed and discovery has not concluded the court, at this time, cannot rule any motion for class certification untimely.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED defendant Red Rock Financial Services' motion to dismiss (doc. # 12) be, and the same hereby is, DENIED.

DATED April 10, 2013.

                                                   /s/ James C. Mahan
                                              UNITED STATES DISTRICT JUDGE

---

[3] *See* order (doc. # 10), denying proposed discovery plan and setting the following deadlines: Discovery due by 6/3/2013. Motions due by 7/3/2013. Proposed Joint Pretrial Order due by 8/2/2013.

James C. Mahan
U.S. District Judge

- 5 -