1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                               DISTRICT OF NEVADA

10   MICHAEL SCHMIDT, an individual, and      )   CASE NO.  2:12-cv-01773-JCM-PAL
     ADRIA SCHMIDT, an individual, JAMES      )
11   MCFARLANE, an individual, on behalf of   )   *Honorable James C. Mahan*
     themselves and those similarly situated; )
12                                            )          **ORDER FOR:**
                                Plaintiffs,   )   **(1) CONDITIONALLY CERTIFYING**
13                                            )   **THE SETTLEMENT CLASS;**
          vs.                                 )   **(2) PRELIMINARY APPROVAL OF**
14                                            )   **CLASS SETTLEMENT AGREEMENT;**
     RED ROCK FINANCIAL SERVICES, LLC, a)        **(3) DIRECTING THAT NOTICE BE**
15   Delaware limited liability company,      )   **SENT TO CLASS MEMBERS; AND**
                                              )   **(4) SCHEDULING A FINAL FAIRNESS**
16                                Defendant.   )   **HEARING**
                                              )
17                                            )
                                              )
18   _____)

19          The Joint Motion of plaintiffs Michael Schmidt, Adria Schmidt and James McFarlane

20   and defendant Red Rock Financial Services, LLC ("Red Rock") came on regularly for hearing

21   before this Court.  Counsel for plaintiff, Mark J. Bourassa, The Bourassa Law Group, LLC, and

22   counsel for Red Rock, Craig J. Mariam, Gordon & Rees LLP, appeared before the Court and

23   argued in favor of this Joint Motion.  The Court, having reviewed and considered the parties'

24   Joint Motion and Exhibits, including the proposed Class Action Settlement Agreement, Notice of

25   Proposed Class Settlement, and proposed Claim Form, and GOOD CAUSE APPEARING

26   THEREFORE, HEREBY GRANTS THE PARTIES' Joint Motion for Preliminary Approval.

27   / / /

28   / / /

                                            -1-

# I. BACKGROUND

## a. Litigation History

On October 10, 2012, plaintiffs Michael Schmidt, Adria Schmidt and James McFarlane filed a putative class action lawsuit against Red Rock for allegedly sending deceptive and misleading collection letters on behalf of third party creditors (homeowners associations). Plaintiffs claim these letters did not comply with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") because they required plaintiffs to dispute the debts in writing, and because they contained a clause which stated Red Rock would prepare and file a Lien for Delinquent Assessments on behalf of the original creditor if the balance was not paid in full within thirty days. In its Answer to plaintiffs' Complaint, Red Rock denied each and every one of plaintiffs' claims. On June 5, 2013, the parties engaged in settlement negotiations during mediation, and arrived at a negotiated settlement.

## b. The Settlement Agreement

The complete terms of the proposed settlement agreement ("Agreement") are set forth in the Agreement itself. Key provisions are as follows:

### 1. Class Definition

The proposed settlement class ("Settlement Class") consists of all consumers with Nevada addresses who were sent collection letter(s) by Red Rock between October 11, 2011 and the effective date of the Settlement Agreement in a form materially identical or substantially similar to the letters attached to the Joint Motion as Exhibits "1" and/or "2." Excluded from the Settlement Class are all persons who are employees, directors, officers, and agents of Red Rock or its subsidiaries and affiliated companies, as well as the undersigned and his staff.

### 2. Settlement Amount

Red Rock will contribute Thirty Five Thousand Dollars and No Cents ($35,000.00) ("Settlement Amount") into a settlement fund for payments to class members who submit valid claims. In order to receive a cash benefit under the Settlement Agreement, Settlement Class members must complete, sign and return the Claim Form to the Claims Administrator. The amount that each claimant will receive shall be determined by dividing the amount of the settlement fund by

1  the total number of approved claims.  Should any portion of the Settlement Amount remain after the

2  payments to class members, that portion shall be distributed to the Justice League of Nevada, a

3  501(c)(3) non-profit organization which provides funding of legal services to the poor and legally

4  disadvantaged in Nevada.

5                 **3. Notice**

6        The Agreement provides that the claims administrator will directly mail the long-form notice

7  and a Claim Form to all class members whose address information exists in Red Rock's database.

8  The terms of the proposed settlement, including the right to comment on or object to the settlement,

9  or to opt out of the class entirely, will be disseminated to the class members.  The aggregate amount

10  of the settlement, and the formula used to determine the amount each class member records, is

11  included in the Settlement Agreement, which will accompany the Notice.

12                 **5. Claims Procedure**

13        In order to receive a cash benefit under the Settlement Agreement, Settlement Class members

14  must complete, sign and return the Claim Form to the Claims Administrator. The Claims

15  Administrator will review all Claim Forms timely received and will verify the claims to ensure their

16  validity and accuracy, as outlined in the Settlement Agreement.  The amount that each claimant will

17  receive shall be determined by dividing the amount of the settlement fund by the total number of

18  approved claims.

19              **6. Settlement Administration Costs**

20        Red Rock will directly pay the administrator handling the administration of the settlement for

21  all reasonable costs and expenses of providing notice to the Settlement Class.

22             **7. Attorneys' Fees and Costs**

23        The Agreement provides that Class Counsel may apply to the court for an award of attorney's

24  fees and expenses not to exceed $40,000.00 and that Defendant will not oppose such a request.  It

25  further provides that Class Counsel will not request attorney's fees and expenses in excess of

26  $60,000.00. The payment of attorneys' fees and expenses is separate from and in addition to the other

27  relief afforded the Settlement Class members in the Agreement.

28  / / /

**8. Class Representative Incentive Payment**

In addition to the relief afforded all class members, the Agreement authorizes Class Representatives Michael Schmidt, Adria Schmidt and James McFarlane ("Class Representatives") to seek incentive payments up to a maximum of $3,000.00, $3,000.00 and $4,500.00, respectively. Red Rock has agreed to make such payments separate from and in addition to the other relief afforded the Settlement Class members in the Agreement.

**9. Released Claims**

The Agreement provides for a specific release of claims or causes of action based on or related to the collection letters at issue.

**II. LEGAL STANDARD**

A class action may not be settled without court approval. Fed. R. Civ. P. 23(e).  When the parties to a putative class action reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co*., 327 F.3d 938, 952 (9th Cir. 2003).  At the preliminary stage, the court must first assess whether a class exists. *Id*. (citing *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).  Then, the court must determine whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998).  If the court preliminarily certifies the class and finds the proposed settlement fair to its members, the court schedules a fairness hearing where it will make a final determination of the class settlement. *Okudan v. Volkswagen Credit, Inc*., No. 09-CV-2293-H (JMA), 2011 U.S. Dist. LEXIS 84567, at *6 (S.D. Cal. Aug. 1, 2011).

**III. DISCUSSION**

**a. Class Certification**

**i. Rule 23(a)**

In order to achieve class certification, the proposed class must meet the numerosity, commonality, typicality, and adequacy of representation requirements of Federal Rule of Civil Procedure 23(a).  See Fed. R. Civ. Proc. 23(a); *Staton v. Boeing*, 327 F.3d at 953.  Here, the factors support class certification.  First, the class definition is estimated to cover 4,000 people.  This number

renders the class "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Second, all of the class members' claims arise from a common nucleus of facts and are based on the same legal theories. In fact, all the causes of action and legal theories in this case are common to all class members. Each class member received a letter or letters from Red Rock in an attempt to collect outstanding debts which contained materially identical or substantially similar language, purportedly in violation of the FDCPA. These claims are thus capable of class-wide resolution under Federal Rule of Civil Procedure 23(a)(2). *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Third, the Class Representatives' claims are typical of the classes' claims; in fact, the claims are substantially identical. Under these circumstances, the typicality requirement is handily met. Fed. R. Civ. P. 23(a)(3). Finally, this Court finds, based on the representations in the Joint Motion, that Class Counsel is an experienced and active practitioner who has vigorously and competently pursued this litigation and the Class Representatives have shown a strong interest in proving the class's claims and achieving redress of their grievances. Additionally, neither Class Counsel nor the Class Representatives appear to have any conflicts of interest with any other class members. Given these qualifications and the lack of conflicts of interest, both Class Counsel and the Class Representatives adequately represent the class to the satisfaction of Rule 23(a)(4). *See Staton*, 327 F.3d at 958. Accordingly, each of Rule 23(a)'s requirements for class certification is met in this case.

### ii. Rule 23(b)

In addition to satisfying the prerequisites of Rule 23(a), plaintiffs must also meet the strictures of Rule 23(b)(3) in order to achieve certification. *See Amchem*, 521 U.S. at 614. Under Rule 23(b)(3), the court must find "that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). As discussed in the court's analysis of Rule 23(a)(2)'s commonality requirement, this litigation primarily focuses on questions common to the class as a whole. In fact, no individual questions have been brought to the court's attention. Because the claims in this case can be resolved for all members in a single adjudication, Rule 23(b)(3)'s

1   predominance requirement is met. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935,

2   944 (9th Cir. 2009). As to superiority, the alternative to class certification in this case would be

3   either hundreds of separate proceedings, risking significant expense and inconsistent judgments,

4   or abandonment of claims by most class members because the amount of individual recovery is

5   relatively small. Under these circumstances, a class action is clearly the superior vehicle for

6   addressing these claims. *See Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175-76 (9th

7   Cir. 2010).

8           **b. Preliminary Fairness Determination**

9           The court must next examine the proposed settlement and make a preliminary finding of

10  fairness. Fed. R. Civ. P. 23(e). A class action settlement may be approved only based on a finding

11  that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C).  "The purpose of

12  Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting

13  their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir.2008) (citation omitted).

14  "The initial decision to approve or reject a settlement proposal is committed to the sound discretion

15  of the trial judge." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

16  The burden to demonstrate fairness falls upon the proponents of the settlement. *Staton,* 327 F.3d at

17  959; *see also Officers for Justice*, 688 F.2d at 625.  Relevant factors for the court to consider include:

18  the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further

19  litigation; the risk of maintaining class action status throughout the trial; the amount offered in

20  settlement; the extent of discovery completed; the stage of the proceedings; and the experience and

21  views of counsel. *Staton,* 327 F.3d at 959. "[S]ettlement approval that takes place prior to formal

22  class certification requires a higher standard of fairness." *Hanlon,* 150 F.3d at 1026.

23          This case has been ongoing and the parties arrived at this settlement after significant

24  investigation and arms-length negotiation.  Red Rock has denied and continues to deny all of

25  Plaintiffs' claims as to liability and damages, as well as Plaintiffs' class allegations.  Plaintiffs,

26  on the other hand, believe that the claims asserted in this action have merit and that the evidence

27  developed to date supports their claims.  However, the Parties recognize and acknowledge the

28  expense and time associated with continuing with further proceedings, including trial, appeals

-6-

1    and ancillary actions. The Parties are also mindful of the uncertain outcome and risk involved in

2    any litigation, especially in multi-party actions such as this proceeding. Moreover, the settlement

3    provides a significant, easy-to-obtain benefit to class members: a cash payment to each class

4    member who submits a valid claim. For these reasons, the Court is satisfied that the proposed

5    settlement is fair and that it should be approved.

6             **c. Notice of Class Certification and Settlement Administration**

7             Finally, the court must consider the sufficiency of the parties' notice plan. Pursuant to Rule

8    23(e)(1) reasonable notice must be given to all class members who would be bound by the

9    settlement. The Court must ensure that the parties' notice plan provides for "the best notice that is

10   practicable under the circumstances, including individual notice to all members who can be identified

11   through reasonable effort" and that the notice itself explains in easily understood language the nature

12   of the action, definition of the class, class claims, issues and defenses, ability to appear through

13   individual counsel, procedure to request exclusion, and the binding nature of the class judgment.

14   Fed. R. Civ. P. 23(c)(2)(B).

15            Here, the parties have already chosen a claims administrator and have submitted a long-form

16   notice for the Court's review. This notice contains all of the elements required by Rule 23(c)(2)(B)

17   and present the requisite information in clear, easy to understand language. The parties will directly

18   mail the notice and a Claim Form directly to Nevada consumers who fall within the class definition.

19   All settlement documents will also be mailed along with the notice, containing the terms of the

20   agreement.

21            The Court finds that the content of the notice and the notice plan satisfies Rule 23's

22   standards. Additionally, the Claim Form attached to the Settlement Agreement is hereby approved.

23   **IV. ORDER**

24            In light of the foregoing, the court GRANTS the Joint Motion for Preliminary Approval of

25   Class Action Settlement and ORDERS as follows:

26        1.  This action is certified as a class action for settlement purposes only pursuant to subsections

27            (a) and (b)(3) of Federal Rule of Civil Procedure 23.

28   / / /

2.   The stipulation of settlement is preliminarily approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

3.   Plaintiffs Michael Schmidt, Adria Schmidt and James McFarlane are appointed as class representatives for settlement purposes only.

4.   The Bourassa Law Group, LLC is appointed as counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

5.   The content of the claims administration notice is approved pursuant to subsections (c)(2)(B) and (e) of the Federal Rule of Civil Procedure 23.  Within twenty (20) days of the entry of this Order, counsel for Red Rock shall provide to the Claims Administrator, a list of known names and addresses of class members.  Within forty-five (45) days thereafter, the Claims Administrator shall mail to all Class Members the Notice of Proposed Class Settlement and Claim Form.

6.   Class Members shall have forty-five (45) days from the date of mailing to submit written objections to the proposed Class Action Settlement and a Claim Form.

7.   The Fairness Hearing shall be held on March 6, 2014 at  10:00 am courtroom 6A.

**IT IS SO ORDERED** October 15, 2013.


_____
Honorable James C. Mahan
United States District Judge

[PROPOSED] ORDER

CASE NO.  2:12-cv-01773-JCM-PAL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of October, 2013, a copy of the foregoing **[PROPOSED] ORDER FOR: (1) CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS; (2) PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT; (3) DIRECTING THAT NOTICE BE SENT TO CLASS MEMBERS; AND (4) SCHEDULING A FINAL FAIRNESS HEARING** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

An employee of Gordon & Rees LLP

1084789/17086376v.1