UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL SCHMIDT, an individual, and ADRIA SCHMIDT, an individual, JAMES MCFARLANE, an individual, on behalf of themselves and those similarly situated; | ) ) ) ) ) | CASE NO.  2:12-cv-01773-JCM-PAL |
| Plaintiffs, | ) ) ) | *Honorable James C. Mahan* |
| vs. | ) ) | **FINAL JUDGMENT** |
| RED ROCK FINANCIAL SERVICES, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) ) ) | |

IT IS HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 THAT:

1.     The settlement of this class action on the terms set forth in the Parties' Settlement Agreement and the Parties Joint Motion for Final Approval of Class Action Settlement, filed with this Court on May 19, 2014 (Doc. No. 4) is finally approved, and the following class is granted final certification for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3): all consumers with Nevada addresses who were sent collection letter(s) by Red Rock between October 11, 2011 and the effective date of the Settlement Agreement in a form materially identical or substantially similar to the letters attached to the Joint Motion for Preliminary Certification of the Class and Approval of the Class Action Settlement as Exhibits "1" and/or "2."

/ / /

2.      The Court finds that only those individuals specifically listed in Exhibit "1,"
attached hereto, and no other member of the Class, have submitted timely and valid requests for
exclusion from the Class and therefore are not bound by this Final Order and accompanying
Final Judgment.  All other members of the Class are bound by the terms and conditions of the
Settlement Agreement, this Final Judgment and accompanying Final Order.

3.      The Court finds that the dissemination of the Settlement Notice and the
establishment of a webpage containing settlement-related materials, implemented pursuant to the
Settlement Agreement and this Court's Preliminary Approval Order :

(i) was implemented in accordance with the Preliminary Approval Order;

(ii) constituted the best practicable notice to Class Members under the circumstances;

(iii) constituted notice that was reasonably calculated, under the circumstances, to apprise
Class Members (a) of the effect of the Settlement (including the Releases provided for therein),
(b) of Class Counsel's motion for an award of attorneys' fees, incentive award to the Settlement
Class Representatives, and reimbursement of litigation expenses, (c) of their right to object to
any aspect of the Settlement, (d) of their right to opt in to the Class or opt out of the class, (e) of
their right to appear at the Fairness Hearing, and (f) of the binding effect of the Orders and
Judgment in this action, whether favorable or unfavorable, on all persons who did not request
exclusion from the Class;

(iv) constituted due, adequate and sufficient notice to all persons entitled to receive notice
of the proposed Settlement; and

(v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

4.      The claims in *Michael Schmidt, et al. v. Red Rock Financial Services, LLC,* Case
No. 2:12-cv-01773-JCM-PAL (the "Action") are dismissed on the merits and with prejudice
according to the terms (including the Release) set forth in the Parties' Settlement Agreement and
in the Court's Final Order Approving Class Action Settlement (the "Final Approval Order").

5.      The terms of the Settlement Agreement and of this Judgment shall be forever
binding on the Settlement Class Representatives, all other Class Members (regardless of whether
any individual Class Members timely submitted a Claim Form or sought or obtained a

-2-

1 distribution from the Settlement Fund) and Red Rock, as well as their respective heirs, executors,

2 administrators, predecessors, successors, affiliate and assigns.  The Persons listed on Exhibit 1

3 hereto are excluded from the Class pursuant to request and are not bound by the terms of the

4 Settlement Agreement or this Judgment.

5      6.     The releases as set forth in paragraph 13 of the Settlement Agreement, together

6 with the definitions contained in paragraph 2 of the Settlement Agreement relating thereto, are

7 expressly incorporated herein in all respects.  Accordingly, this Court orders that:

8      a)     Without further action by anyone, and subject to paragraph 7 below, upon the

9 Effective Date of the Settlement, Settlement Class Representatives and each of the other Class

10 Members, on behalf of themselves, their heirs, executors, administrators, predecessors,

11 successor, affiliates and assigns, shall be deemed to have, and by operation of law and of this

12 Judgment shall have, fully, finally, and forever compromised, settled, released, resolved,

13 relinquished, waived, discharged and dismissed each and every claim against Red Rock and each

14 of its predecessors, successors, subsidiaries, parent companies, affiliates, assigns, agents,

15 directors, officers, employees, representatives, trustees, beneficiaries, attorneys, associates,

16 including but not limited to Red Rock Financial Services, LLC, First Service Residential,

17 Nevada, LLC, f/k/a RMI Management, LLC, and the other Released Parties and shall forever be

18 enjoined from prosecuting any and all of the claims against Red Rock or any of the

19 aforementioned affiliated entities.  This Release shall not apply to any person listed on Exhibit 1

20 hereto.

21      b)     Without further action by anyone, and subject to paragraph 7 below, upon the

22 Effective Date of the Settlement, Red Rock, on behalf of itself, its heirs, executors,

23 administrators, predecessors, successor, affiliates and assigns, shall be deemed to have, and by

24 operation of law and of this Judgment shall have, fully, finally, and forever compromised,

25 settled, released, resolved, relinquished, waived, discharged and dismissed each and every claim,

26 whether known or unknown, suspected or unsuspected, which now exist, hereinafter may exist,

27 or heretofore may have existed against the Settlement Class Representatives or the other Class

28 Members.  This Release shall not apply to any Person listed in Exhibit 1 hereto.

[PROPOSED] JUDGMENT               CASE NO.  2:12-cv-01773-JCM-PAL

7.      Notwithstanding paragraph 10(a) and (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

8.      In addition, the Court hereby grants Plaintiffs' Motion for Attorney Fees and Costs, and orders Red Rock to pay Plaintiffs and Class Counsel fifty-five thousand three hundred dollars ($55,345.00) in attorney fees.  The Court finds that Class Counsel's requested fees are reasonable and are based upon the actual time expended by Class Counsel in the litigation of this matter.  In addition, the Court Orders Red Rock to pay Plaintiffs and Class Counsel their actual costs incurred this matter in the amount of six thousand four hundred eighty-three dollars and twenty cents ($6,483.20) pursuant to Plaintiffs' Bill of Costs.

9.      Pursuant to the terms of the Parties' Settlement Agreement and Plaintiffs' Motion, the Court also orders Red Rock to pay, in addition to the Settlement Fund described above, Incentive Awards to the Settlement Class Representatives in the amounts of three thousand dollars ($3,000.00) for Michael Schmidt, three thousand dollars ($3,000.00) for Adria Schmidt, and four thousand five hundred dollars ($4,500.00) for James McFarlane.  The Court finds that these amounts are reasonable and appropriate based upon the services the Settlement Class Representatives provided in litigating this matter.

10.     There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Judgment in this Action.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Date:  July 29, 2014
_____

_____
Honorable James C. Mahan
United States District Judge

## EXHIBIT 1

### Persons Excluded from the Class Pursuant to Request

1.  Michael Negel
    Hohemsalzaer St.
    Munich, Germany 81929

2.  Venice Bagalso
    203 Ridgeview Circle
    Glenshaw, PA 15116

[PROPOSED] JUDGMENT                                          CASE NO.  2:12-cv-01773-JCM-PAL

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 25th day of July, 2014, a copy of the foregoing **[PROPOSED] FINAL JUDGMENET** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

_____

An employee of Gordon & Rees LLP

1084789/14327341v1