UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SCHMIDT, an individual, and ADRIA SCHMIDT, an individual, JAMES MCFARLANE, an individual, on behalf of themselves and those similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>RED ROCK FINANCIAL SERVICES, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 2:12-cv-01773-JCM-PAL<br><br>*Honorable James C. Mahan*<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, a class action is pending in this Court entitled *Michael Schmidt, et al. v. Red Rock Financial Services, LLC,* Case No. 2:12-cv-01773-JCM-PAL (the "Action");

WHEREAS, plaintiffs Michael Schmidt, Adria Schmidt, and James McFarlane (collectively, "Settlement Class Representatives"), individually and on behalf of the Class, and defendant Red Rock (collectively, the "Parties"), entered into the Class Action Settlement Agreement and Release ("Settlement Agreement") setting forth the terms and conditions of the Parties' proposed settlement (the "Settlement");

WHEREAS, by Order dated October 15, 2013 (the "Preliminary Approval Order"), this Court (a) conditionally certified the Action to proceed as a class action on behalf of a class of individuals consisting of all consumers with Nevada addresses who were sent collection letter(s) by Red Rock between October 11, 2011 and the effective date of the Settlement Agreement in a form materially identical or substantially similar to the letters attached to the Joint Motion for

1

Preliminary Certification of the Class and Approval of the Class Action Settlement as Exhibits "1" and/or "2" (the "Class")[1]; (b) preliminarily approved the Settlement; (c) appointed The Bourassa Law Group, LLC as Class Counsel; (d) ordered that Notice of the proposed Settlement be provided to potential Class Members; (e) provided Class Members with the opportunity to: (i) opt in to or out of the Class or (ii) object to the proposed Settlement; and (f) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

WHEREAS, pursuant to this Court's Order dated October 15, 2013, the Notice of Proposed Class Action Settlement (the "Class Notice") was mailed to potential members of the Class to notify them of, among other things: (i) the Action pending against Red Rock; (ii) the certification of the Action by the Court to proceed as a class action on behalf of the Court-certified Class; and (iii) their right to opt in to the Settlement, their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, on May 19, 2014, the Parties filed a Joint Motion for Final Approval of Class Action Settlement, Doc. No. 45;

WHEREAS, on May 20, 2014, Plaintiffs filed a Motion For Award Of Attorney Fees And Costs, And Incentive Awards For Named Plaintiffs, Doc. No. 46, and a Bill of Costs, Doc. No. 47;

WHEREAS, the Court conducted a hearing on July 21, 2014 (the "Fairness Hearing") to consider, among other things: (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate, and in the best interests of the Settlement Class Representatives and the other Class Members, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice against Red Rock.  In addition, the Court heard

---

[1] Excluded from the Class by definition are: all persons who are employees, directors, officers, and agents of Red Rock or its subsidiaries and affiliated companies.

1  Plaintiffs' Motion For Award Of Attorney Fees And Costs, And Incentive Awards For Named
2  Plaintiffs;
3          WHEREAS, the Court, having reviewed and considered the Settlement Agreement, all
4  papers filed and proceedings herein in connection with the Settlement, all oral and written
5  comments received regarding the Settlement, including the objections filed with respect thereto,
6  Plaintiffs' Motion For Award Of Attorney Fees And Costs And Incentive Awards For Named
7  Plaintiffs and all papers filed in support and in opposition thereto, Plaintiffs' Bill of Costs, and
8  the record in the Action, and good cause appearing therefore;
9          NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
10     1.  **Jurisdiction.**  This Court has jurisdiction over the subject matter of the Action, and all
11  matters relating to the Settlement.  Because due, adequate and the best practicable notice has
12  been disseminated and all potential Class Members have been given an opportunity to exclude
13  themselves from or object to this Class Action Settlement, the Court has personal jurisdiction
14  over all of the Parties and each of the Class Members (as defined below).
15     2.  **Incorporation of Settlement Documents.**  This Order incorporates and makes a part
16  hereof: (a) the Settlement Agreement filed with the Court on October 10, 2013; (b) the
17  Settlement Notice, which was filed with the Court on October 10, 2013; (c) the briefs, affidavits,
18  declarations and other materials filed in support of the Settlement and Class Counsel's request
19  for an award of attorneys' fees, incentive awards, and reimbursement of expenses; (d) the record
20  at the Fairness Hearing; (e) the documents listed on the docket sheet or otherwise submitted to
21  the Court; and (f) all prior proceedings in the action.
22     3.  **Final Class Certification.**  The Class preliminarily certified by this Court is hereby
23  finally certified for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3), the Court
24  finding that the Class satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due
25  process.  The Class shall consist of all consumers with Nevada addresses who were sent
26  collection letter(s) by Red Rock between October 11, 2011 and the effective date of the
27  Settlement Agreement in a form materially identical or substantially similar to the letters
28  attached to the Joint Motion for Preliminary Certification of the Class and Approval of the Class

1  Action Settlement as Exhibits "1" and/or "2." Excluded from the Class are all persons who are
2  employees, directors, officers and agents of Red Rock or its subsidiaries or affiliated companies.
3      4.  **Requests for Exclusion.**  The Court finds that only those individuals specifically listed in
4  Exhibit "1," attached hereto, and no other member of the Class, have submitted timely and valid
5  requests for exclusion from the Class and therefore are not bound by this Final Order and
6  accompanying Final Judgment.  All other members of the Class are bound by the terms and
7  conditions of the Settlement Agreement, this Final Order, and the accompanying Final Judgment.
8      5.  **Adequacy of Representation.**  Class Representatives Michael Schmidt, Adria Schmidt
9  and James McFarlane have adequately represented the Settlement Class for purposes of entering
10 into and implementing the Settlement. Mark J. Bourassa , of The Bourassa Law Group, LLC, is
11 experienced and adequate Class Counsel.  Class Representatives and Class Counsel have
12 satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g).
13     6.  **Settlement Notice.**  The Court finds that the dissemination of the Settlement Notice and
14 the establishment of a webpage containing settlement-related materials, implemented pursuant to
15 the Settlement Agreement and this Court's Preliminary Approval Order :
16     (i) was implemented in accordance with the Preliminary Approval Order;
17     (ii) constituted the best practicable notice to Class Members under the circumstances;
18     (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise
19 Class Members (a) of the effect of the Settlement (including the Releases provided for therein),
20 (b) of Class Counsel's motion for an award of attorneys' fees, incentive award to the Settlement
21 Class Representatives, and reimbursement of litigation expenses, (c) of their right to object to
22 any aspect of the Settlement, (d) of their right to opt in to the Class or opt out of the class, (e) of
23 their right to appear at the Fairness Hearing, and (f) of the binding effect of the Orders and
24 Judgment in this action, whether favorable or unfavorable, on all persons who did not request
25 exclusion from the Class;
26     (iv) constituted due, adequate and sufficient notice to all persons entitled to receive notice
27 of the proposed Settlement; and
28     (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

1   7. **Final Settlement Approval.**  Pursuant to, and in accordance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of claims against Red Rock pending satisfaction of judgment as set forth below), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interest of Settlement Class Representatives and the other Class Members.  The settlement is approved and all objections to the settlement are overruled as without merit.

8. **Implementation of the Settlement.**  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.  The Court orders Red Rock to fund the Settlement Fund in the total amount of thirty-five thousand dollars ($35,000,00), and orders the Claims Administrator to disburse the Settlement Fund to the three hundred eighty-eight (388) Class Members on a pro-rata basis in the amount of ninety dollars and twenty cents ($90.20) each.

9. **Award of Attorney Fees and Costs.**  In addition, the Court hereby grants Plaintiffs' Motion for Attorney Fees and Costs, and orders Red Rock to pay Plaintiffs and Class Counsel fifty-five thousand three hundred dollars ($55,345.00) in attorney fees.  The Court finds that Class Counsel's requested fees are reasonable and are based upon the actual time expended by Class Counsel in the litigation of this matter.  In addition, the Court Orders Red Rock to pay Plaintiffs and Class Counsel their actual costs incurred this matter in the amount of six thousand four hundred eighty-three dollars and twenty cents ($6,483.20) pursuant to Plaintiffs' Bill of Costs.

10. **Incentive Awards for Settlement Class Representatives.**  Pursuant to the terms of the Parties' Settlement Agreement and Plaintiffs' Motion, the Court also orders Red Rock to pay, in addition to the Settlement Fund described above, Incentive Awards to the Settlement Class Representatives in the amounts of three thousand dollars ($3,000.00) for Michael Schmidt, three thousand dollars ($3,000.00) for Adria Schmidt, and four thousand five hundred dollars ($4,500.00) for James McFarlane.  The Court finds that these amounts are reasonable and

1  appropriate based upon the services the Settlement Class Representatives provided in litigating
2  this matter.

3    11. **Binding Effect.**  The terms of the Settlement Agreement and of this Order shall be
4  forever binding on the Settlement Class Representatives, all other Class Members (regardless of
5  whether any individual Class Members timely submitted a Claim Form or sought or obtained a
6  distribution from the Settlement Fund) and Red Rock, as well as their respective heirs, executors,
7  administrators, predecessors, successors, affiliate and assigns.  The Persons listed on Exhibit 1
8  hereto are excluded from the Class pursuant to request and are not bound by the terms of the
9  Settlement Agreement or this Order.

10    12. **Releases.**  The releases as set forth in paragraph 13 of the Settlement Agreement,
11  together with the definitions contained in paragraph 2 of the Settlement Agreement relating
12  thereto, are expressly incorporated herein in all respects.  Accordingly, this Court orders that:

13    a)    Without further action by anyone, and subject to paragraph 13 below, upon the
14  Effective Date of the Settlement, Settlement Class Representatives and each of the other Class
15  Members, on behalf of themselves, their heirs, executors, administrators, predecessors,
16  successor, affiliates and assigns, shall be deemed to have, and by operation of law and of this
17  Order shall have, fully, finally, and forever compromised, settled, released, resolved,
18  relinquished, waived, discharged and dismissed each and every claim against Red Rock and each
19  of its predecessors, successors, subsidiaries, parent companies, affiliates, assigns, agents,
20  directors, officers, employees, representatives, trustees, beneficiaries, attorneys, associates,
21  including but not limited to Red Rock Financial Services, LLC, First Service Residential,
22  Nevada, LLC f/k/a RMI Management, LLC, and the other Released Parties and shall forever be
23  enjoined from prosecuting any and all of the claims against Red Rock or any of the
24  aforementioned affiliated entities.  This Release shall not apply to any person listed on Exhibit 1
25  hereto.

26    b)    Without further action by anyone, and subject to paragraph 13 below, upon the
27  Effective Date of the Settlement, Red Rock, on behalf of itself, its heirs, executors,
28  administrators, predecessors, successor, affiliates and assigns, shall be deemed to have, and by

1  operation of law and of this Judgment shall have, fully, finally, and forever compromised,

2  settled, released, resolved, relinquished, waived, discharged and dismissed each and every claim,

3  whether known or unknown, suspected or unsuspected, which now exist, hereinafter may exist,

4  or heretofore may have existed against the Settlement Class Representatives or the other Class

5  Members.  This Release shall not apply to any Person listed in Exhibit 1 hereto.

6      13. Notwithstanding paragraph 10(a) and (b) above, nothing in this Order shall bar any action

7  by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this

8  Order.

9      14. **No Admission.**  Neither this Order, nor the Settlement Agreement, nor the negotiation of

10  the Settlement, nor any proceedings taken pursuant thereto:

11      a)    Shall be offered against Red Rock as evidence of, or construed as, or deemed to

12  be evidence of any presumption, concession or admission with respect to the truth of any fact

13  alleged by the Settlement Class Representatives or the validity of any claim that was or could

14  have been asserted or the deficiency of any defense that could have been asserted in this Action

15  or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind; or

16      b)    Shall be construed against any of the Releasees as an admission, concession or

17  presumption that the consideration to be given hereunder represents the amount which could be

18  or would have been recovered after trial.

19      15. **Retention of Jurisdiction.**  Without affecting the finality of this Order in any way, this

20  Court retains continuing and exclusive jurisdiction over the Parties for purposes of

21  administration, interpretation, implementation and enforcement of the Settlement, disposition of

22  the Settlement Fund, and the Class Members for all matters relating to the Action.

23      16. **Modification of the Settlement Agreement.**  Without further approval from the Court,

24  Settlement Class Representatives and Red Rock are hereby authorized to agree to and adopt such

25  amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the

26  Settlement that: (i) are not materially inconsistent with this Order; and (ii) do not materially limit

27  the rights of the Class Members in connection with the Settlement.  Without further order of the

28  Court, Settlement Class Representatives and Red Rock may agree to reasonable extension of

time to carry out any provisions of the Settlement.  All other modifications or amendments of the Settlement Agreement must be agreed to by all Parties and approved by the Court, in accordance with the terms of the Settlement Agreement.

17. **Termination.**  If the Effective Date does not occur or the Settlement is terminated as provided in the Settlement Agreement, then this Order (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

**IT IS SO ORDERED.**

Date: July 29, 2014

*/s/ James C. Mahan*
Honorable James C. Mahan
United States District Judge

# EXHIBIT 1

## Persons Excluded from the Class Pursuant to Request

1. Michael Negel
   Hohemsalzaer St.
   Munich, Germany 81929

2. Venice Bagalso
   203 Ridgeview Circle
   Glenshaw, PA 15116

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of July, 2014, a copy of the foregoing **[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

_____
An employee of Gordon & Rees LLP